**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4412**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOMMY JUNIOR RICHMOND,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00431-WLO)

Submitted: October 18, 2007        Decided: October 23, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Junior Richmond pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced Richmond to 188 months' imprisonment plus five years of supervised release.[1] Richmond's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred by imposing 188 months' imprisonment. Richmond was advised of his right to file a <u>pro</u> <u>se</u> brief, but has failed to do so. We affirm.

Although Richmond contends that his sentence is unreasonable, the district court had no discretion to depart from the mandatory minimum sentence under 18 U.S.C. § 924(e),[2] and we find that the district court properly made all findings appropriate for the determination of Richmond's 188-month sentence, after careful consideration of the facts, evidence, the advisory

---

[1]The probation officer calculated an advisory sentencing guideline range for Richmond of 188 to 235 months' imprisonment, founded on a total offense level of 31 and a criminal history category of VI. As Richmond had three prior drug convictions which constituted predicate offenses for career offender classification within the meaning of 18 U.S.C. § 924(e)(1), he was subject to a statutory mandatory minimum sentence of fifteen years' imprisonment, and a maximum sentence of life imprisonment.

[2]<u>See</u> <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir. 2005).

- 2 -

sentencing range, and the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), prior to imposing sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Richmond's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>